UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE WATSON,<br><br>Petitioner,<br><br>v.<br><br>COMM. OF PROBATION EDWARD DOLAN,<br><br>Respondent. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:22-cv-10771<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On January 21, 2022, Lawrence Watson ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a January 12, 2018 child support order. Currently before the Court is Edward Dolan's ("Respondent") motion to dismiss, [ECF No. 26], which, for the reasons set forth below, is GRANTED.

I.  **BACKGROUND**

Petitioner and Sherry Walker ("Walker") have a child together. [ECF No. 27-3 at 1]. After their 15-month relationship ended, [ECF No. 1-1 at 1], Petitioner filed a pleading in the Probate and Family Court for Suffolk County ("Probate Court"), seeking visitation and joint custody of their minor child. [ECF No. 30 at 1]. The Probate Court issued a final decision on the matter on July 1, 2004, [id. at 5], requiring Petitioner to pay "ongoing [child] support in the amount of $108 per week" and arrears in the amount of $928.38, [ECF No. 27-3 at 1]. Since then, Respondent has, on multiple occasions, sought to enforce the order for child support payment when Petitioner failed to pay. [ECF No. 27-3 at 1; ECF No. 30 at 10–13]. Meanwhile, Petitioner sought to reduce this obligation. [ECF No. 27-3 at 1].

On April 16, 2016, the Department of Revenue filed a complaint for contempt based on Petitioner's failure to pay child support. [ECF No. 27-3 at 1]. The Probate Court held a trial on January 12, 2018, and found that Petitioner owed "a principal arrears balance . . . of $72,693.49," as well as $65,115.52 in interest and penalties. [Id. at 2–4]. As a result, the Probate Court ordered Petitioner to pay "each week $108 in child support and $78 toward the arrears." [Id. at 4].

Petitioner filed a timely notice of appeal, [ECF No. 30 at 13], and requested immediate assembly of the record, [ECF No. 27-2 at 5]. The appellate court, however, never docketed the appeal, and there is no indication that Petitioner took any additional steps to pursue the appeal. [Id. at 5–6].

On January 21, 2022, Petitioner filed a petition for a writ of habeas corpus in the U.S. District Court in the Eastern District of Louisiana seeking relief from the 2018 final judgment on the contempt complaint concerning the alleged failure to pay child support. [ECF No. 30 at 13–14]. On April 18, 2022, the Eastern District of Louisiana transferred the matter to this Court. [Id. at 14]. Respondent filed a timely motion to dismiss the petition, arguing that (i) Petitioner failed to exhaust the claims in the petition under 28 U.S.C. § 2254(b)(1)(A), (ii) the petition is time-barred under 28 U.S.C. § 2244(d), and (iii) Petitioner is not "in custody" for federal habeas purposes. [ECF No. 27]. Petitioner opposed the motion on March 2, 2023. [ECF No. 30].

## II.  LEGAL STANDARD

"[The] standard of review upon a motion to dismiss a habeas claim is whether the facts alleged by the petitioner, taken as true unless contradicted by the record, state a claim upon which relief can be granted." United States v. Alba, 657 F. Supp. 2d 309, 312 (D. Mass. 2009) (citations omitted). A court must accept all of the non-moving party's well-pleaded facts as true

2

and consider them in the light most favorable to the non-moving party. Good v. Gray, No. 21-cv-11812, 2022 WL 2704467, at *2 (D. Mass. July 12, 2022).

A federal district court's review of a state criminal conviction is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). See 28 U.S.C. § 2254. As relevant here, under the AEDPA, a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless," (1) "the applicant has exhausted the remedies available in the courts of the State"; or (2) there is either "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." Id. § 2254(b)(1). The AEDPA also stipulates, in relevant part, that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Id. § 2244(d)(1).

### III. ANALYSIS

Petitioner is not now, and was never, "in custody" as required by § 2254. This Court can only "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). For habeas purposes, a person is in "custody" if he is physically imprisoned or on probation, Rosario v. United States, 389 F. Supp. 3d 122 (D. Mass. 2019); Brooks v. N.C. Dep't of Correction, 984 F. Supp. 940, 946 (E.D.N.C. 1997), but a person can also be in custody if he is under "restraints not shared by the public generally," Jones v. Cunningham, 371 U.S. 236, 240 (1963). The "custody" must be based on the same judgment challenged by the petition. Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 401–06 (2001). "[A] determination of whether a petitioner is 'in custody' for purposes of habeas relief must be based on the restraints [P]etitioner suffers at the time he files

the petition . . . ." Watson v. Coakley, No. 11-cv-11697, 2011 WL 6046529, at *1 (D. Mass. Dec. 2, 2011) (citing Maleng v. Cook, 490 U.S. 488, 491 (1989)).

Here, Petitioner is not "in custody" within the meaning of § 2254. First, Petitioner was never on probation or incarcerated pursuant to the challenged judgment. The Probate Court only determined that Petitioner owed continuing and overdue child support payments. [ECF No. 27-3]. As Respondent accurately points out, "[P]etitioner was never charged with nor convicted of a crime as part of those Probate Court proceedings, nor was he ever placed on probation." [ECF No. 27 at 2].[1]

Second, obligating a Petitioner to make child support payments does not make him "in custody." See Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984) (finding that a "civil judgment requiring [plaintiff] to pay child support does not . . . constitute 'custody'" for purposes of habeas relief); Galbo v. Tirri, 972 F. Supp. 292, 293–94 (D.N.J. 1997) (holding that Petitioner's obligation to "make the child support payments through the Probation Department does not impose a restraint on his liberty so pervasive as to fulfill the "custody" requirement of 28 U.S.C. § 2254(a)"); Anderson v. Worden, 744 F. Supp. 1042, 1044 (D. Kan. 1990) ("Petitioner's continuing obligation to pay child support does not impose disabilities or burdens similar to

---

[1] Petitioner also asserts that he was on probation as the result of a different court order dated September 29, 2004. [ECF No. 30 at 31]. This is not relevant here, as the 2004 order is not the judgment challenged by the present petition. Further, another session of this district court previously found that Petitioner did not satisfy the "in custody" requirement for that 2004 judgment either. Coakley, 2011 WL 6046529, at *1. There, Petitioner had been ordered to report to the Probation Department to provide evidence of job searches. [ECF No. 30 at 5]. Petitioner, however, did not "state how often he must report to the Department of Probation and what authority the Department of Probation exercises over him on a continuous basis other than taking steps to ensure that he makes his court-ordered child support payments and monitoring his employment search." Coakley, 2011 WL 6046529, at *1. The district court thus found that, "[a]lthough restraints short of incarceration may satisfy the 'in custody' requirement for habeas relief, the conditions imposed on [Petitioner did] not meet this threshold." Id. (citing Jones, 371 U.S. at 242).

those resulting from a conviction, and does not require intervention by this court by way of habeas corpus relief.").

Finally, though Petitioner argues he is "in custody" because he "cannot enjoy freedom of association," [ECF No. 30 at 31], this is also not "custody" for habeas purposes, as not all restrictions on freedom resulting from court judgments suffice to establish "custody." See Coakley, 2011 WL 6046529, at *1 (finding that not all "restraints that are not shared by the public generally" are sufficient to put one "in custody"). Similarly, the "threat of arrest and/or incarceration with merely an allegation of the violation of [an] order" does not put Petitioner "in custody." [ECF No. 30 at 31]; see Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1994) ("[H]abeas is not available as a remedy for fine-only convictions although the defendant remains subject to the supervision of the court and failure to pay the fine could result in incarceration.").

## IV.  CONCLUSION

Accordingly, because Petitioner was not "in custody" when the petition was filed, the Court GRANTS the motion to dismiss.[2]

---

[2] Though the Court does not need to reach these issues here, it notes that Petitioner's claims are likely time barred or unexhausted.  As to the statute of limitations, § 2244(d) states, in relevant part, that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." This limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Here, the Probate Court rendered a judgment on January 12, 2018, and Petitioner filed a notice of appeal on January 22, 2018, well within the thirty-day time limit for appeals from the Probate Court. [ECF Nos. 27-2 at 5, 27-3 at 2–3]; see Mass. R. App. P. 4.  Petitioner then had fourteen days to file a transcript in the lower court clerk's office, which he failed to do. Mass. R. App. P. 8, 9(d)(2).  To the knowledge of this court, no request for an enlargement of time within which to file the transcript was ever made or granted here.

With regards to exhaustion, "[e]xhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Enwonwu v. Commonwealth, No. 18-cv-10517, 2018 WL 6198956, at *4 (D. Mass. Nov. 28, 2018) (quoting Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997)).  Petitioner's claims were not presented

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to" a habeas petitioner. Rules Governing Section 2254 Cases, R. 11(a). Given that Petitioner is not "in custody," the Court declines to issue a certificate of appealability here. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

July 19, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

to the Massachusetts Supreme Judicial Court—the highest state court in Massachusetts—or even heard by the intermediate appellate court and, as Petitioner concedes, he has not exhausted the remedies available in Massachusetts state courts. [ECF No. 1 at 5, 7, 10].