UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAWRENCE WATSON,

    Petitioner,

    v.                                                               Civil Action No. 22-cv-10771-ADB

COMM. OF PROBATION EDWARD
DOLAN,

    Respondent.

## ORDER

BURROUGHS, D.J.

    On January 21, 2022, Lawrence Watson ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a January 12, 2018 child support order. On July 19, 2023, the Court dismissed the petition because Petitioner was not "in custody" for habeas purposes when he filed the petition, and the Court declined to issue a certificate of appealability. [ECF No. 32]. Petitioner has filed a Notice of Appeal [ECF No. 34] and has moved to appeal *in forma pauperis* [ECF No. 38].

    The Court DENIES the motion to appeal *in forma pauperis*. Under the federal *in forma pauperis* statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

    Here, Petitioner does not seek appellate review of a non-frivolous issue. It is black-letter law that habeas relief is available only when a petitioner was "in custody" when he filed a habeas

petition. As the Court already explained, under the alleged facts, Petitioner's obligation to pay child support does not make him "in custody" for habeas purposes. Any argument to the contrary is without merit.[1]

Accordingly, the Court certifies that Petitioner's appeal is not taken in good faith and DENIES the motion to appeal *in forma pauperis*.[2]

The clerk shall transmit a copy of this order to the First Circuit.

IT IS SO ORDERED.

/s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE

November 6, 2023

---

[1] Notably, in his motion to appeal *in forma pauperis* (in which he must "state[] the issues that [he] intends to present on appeal," Fed. R. App. P. 24(a)(1)(C)), Petitioner does not address this determinative issue.

[2] If Petitioner wishes to pursue *in forma pauperis* status on appeal, he may, within thirty (30) days, file a new motion for leave to appeal *in forma pauperis* with the United States Court of Appeals for the First Circuit. *See* Fed. R. App. P. 24(a)(5).